14-1202, people of the state of Illinois, county of Appalachia, in the ward of R. Martell, defendant of Kellogg's. Firing on behalf of the defendant of Kellogg's, attorney Mrs. Sherry R. Silver, firing on behalf of the plaintiff, Attalee, attorney Ms. Mary Beth Barnes. Good afternoon, Ms. Silver. May it please the court, my name is Sherry Silver and I represent Gordon Martell on behalf of the State Appellate Defender. Your honors, the issue here is very straightforward. The certificate filed by defense counsel below, the 604D certificate, listed only that she under Tosigno and the Tosigno reading of rule 604D that was deficient. The denial of his motion to withdraw the plea then should be vacated and the case needs to be remanded for strict compliance. Tosigno dealt with a sentencing error, correct? Not a plea error? Yes, it was an open plea, but he was only filing a motion as to the sentence. And what error, what additional error exists in this claim in this case that was omitted or what are the contentions of prejudice to the defendant? That's part of the problem, your honor. One of the things that comes out in the cases that interpret rule 604D is that the consultation requirement needs to go toward both the sentence, not the sentencing hearing as suggested by the state or as what they think were suggested, but as to the sentence and the entry of the plea. That discussion of the sentence could take place off the record. And under Tosigno, that information needs to come before the trial court in some sort of a way in its motion to withdraw the plea. And your argument is unless it's in the record, you have no way of raising it on appeal. Correct. Because it's beyond the record. Exactly. And that's what Tosigno says. But you still have post-conviction remedies. This is true. And under Wilk, you can probably do a post-conviction petition. But one of the other things that comes out in these cases, including Tosigno, is that we want to minimize the trips to the appellate court. If all of this can be handled in one transaction, in a post-plea motion that covers every conceivable issue, guaranteeing to the trial court that the counsel has properly consulted with his or her client as to the sentence, the negotiations perhaps that go along with the sentence, the entry of the plea, that there's no need for a post-conviction petition later on. There's no need for a trip to the appellate court in the first instance. And that's one of the reasons. That's one of the intents behind 604D. In People v. Scarborough, which is after Tosigno, the third district found error in the 604D certificate. It did not refer to both a plea and sentence. But they did not remand the case because the new post-plea proceeding did not raise the claim that was omitted. Couldn't you have at least raised a potential claim? I'm not sure how you could raise a potential claim when there are things that could have happened outside of the record. It's not up to the appellate attorney or the appellate court. In this court's decision, I think it was either Jordan or Herrera, you can't scour the record for something that's not there. Speaking of scouring the record, did you look at Tosigno again before? Yes. Maybe not enough. Did you find People v. Mason? That was the fourth district case? Yes. That was just decided in early August. And that is identical to our case here? It was a fully negotiated plea and the fourth district said, or does mean and, even though it was a fully negotiated plea. Correct. And I was going to mention Mason. It is a slightly different issue. And the issue in Mason and I think Scarborough relate back to minnow that deal with whether counsel has to include the word or or and to use the verbatim language of the rule. And that seems to be a question, although I don't think it matters any longer, but that's not the issue here. In minnow we said or met strict compliance because in that case the defendant raised an alternative motion to reduce or to reconsider a sentence. So we said that from that we could infer that the consultation went to both. But here you're saying you can't infer that because there's no alternative motion. Correct. Correct. The state's argument in this case comes down to two sentences that are at page five of its brief. And those are, if I may, the Tosigno construction of the certificate requirement that or means and is only reasonable when there's been a sentence in hearing. So cases like this one should be found to be distinguishable. Otherwise, defense attorneys will be required to certify that they had consultations with their clients that could only be meaningless. In a plea negotiation, I would suggest that there is no consultation that's meaningless. And under the Tosigno's interpretation of Rule 604D, this court's interpretation of Rule 604D, they all go to what the intent of the rule is. The intent is threefold. The first is that it affords the trial court that opportunity to consider issues that may have occurred outside of the record so that any potential error could be rectified by the trial court. The second one is, as I've mentioned, it minimizes the trips to the appellate court, either via direct appeal or post-conviction petition. And the third one was recognized by this court and not necessarily by the Supreme Court, and that is that it guarantees the defendant has been accorded his due process, that he has had the representation that is required under Rule 604D, and that counsel has met all his or her obligations and preserved any error, that means in the sentence or the entry of the plea, that may be raised as part and parcel of the entry of the plea. The state's argument also suggests that the type of motion that is to be filed following a plea will dictate the nature of the consultation. That argument has been flatly rejected in Tosigno and by this court. There's no reason, the state offers no reason to suggest why that argument should be any better today than it was in any of the other cases that have come before this court or the Supreme Court. There is no such thing as a meaningless consultation with the client, and that if there is a distinction to be made in terms of what appears in the 604D certificate, it would render 604D meaningless. Gordon Martel maintains that this needs to go back. It needs to have strict compliance with 604D. If there are no more questions. He may end up in a much worse position. This is true. He's probably going to go to the penitentiary if the state can prove their case. He's already in the penitentiary, Your Honor. Well, he's going to go for longer because he pled to abuse and the charge was assault, correct? Yes, it is. And that is a chance that our clients sometimes take. He's fully aware of that. Yes, he is. Yes, he is, Your Honor. As I said, it's a risk that our clients sometimes take, sometimes foolishly, I admit, but they do. Anything further? Justice McClaren. Justice Burkett. Thank you very much. Thank you. Ms. Burns. Ms. Burns, how do you distinguish two senior? I would distinguish two senior based on the context. Two senior very clearly relies on the history of 604D and it goes through, starting with Wilk, where Wilk explains that the point of 604D, as counsel said, is to lessen needless trips to the appellate court. But ultimately, in order for the court, the trips not to be needless, it's that the requirement discussed in Wilk of making a filing of 604D motion withdraw your guilty plea, which at that point was the only one that could be filed, helps the court to evaluate what issues you may be raising and to create a record for further direct review. The next step in that was Shirley, which talked about the requirement of the certificate. And in Shirley, they said that what the certificate tells the court is that, in fact, counsel did consult with his client and did, in fact, determine all errors that were possible to be raised. In Toussignant, they take the next step and say that counsel will most properly fulfill the underlying interest in 604D by doing a certificate, which, and actually this is one of the certificates about the consultation, by, in fact, consulting as to both plea considerations and sentencing considerations. And did the defense attorney do that here? I have no reason to think she didn't. This was a fully negotiated plea that was presented on the day of trial and is a matter of record. But does her affidavit say that she did? Her certificate says that she consulted with the defendant about his concerns in the entry of the guilty plea. And she then filed a motion which said that essentially that he considered his plea involuntary in that he had not had enough time because it was immediately before trial to consider it. Our position is that if you're in a fully negotiated plea, whatever your underlying claim would be is going to go to the heart of the plea. And so you cannot say here that counsel did not strictly comply with 604D because she, in fact, presented what the defendant wanted presented, which was the theory that, and this may go to the sentence that was one year, but ultimately what was presented to him was, in fact, too short a period for him to evaluate it, that he accepted it on the spot without time to think about it, and therefore he wanted to withdraw his plea. How do we get around, though, the court telling us that it has to be and? I think that the court is not telling us that it has to be and in a fully negotiated plea. The court is telling us that it has to be and in a situation where and is a possibility. In almost every plea, whether an open plea or whether a cap case plea, there is a possibility of both motions being filed. In a cap case, the defendant cannot challenge his sentence as excessive, but he can challenge what he views as a misreading of his prior. So it would lead to whatever sentence was imposed within the cap range. Or he could challenge an error in applying. Consecutive sentencing or something like that. Exactly. So even a sentence within the cap could conceivably have an issue concerning the sentence independent of the plea. However, in a fully negotiated guilty plea, there is no issue that's independent of the plea. In a fully negotiated guilty plea, there is no separate sentencing proceeding. Here, there wasn't even a PSI ordered. And so here, any claim, whether it be about the sentence because he's unhappy with his deal, whether it's about here the amount of time he had to consider the deal, there is no claim in a fully negotiated guilty plea that isn't going to go to the heart of the plea. And therefore, when counsel says she consulted with the defendant about the entry of his guilty plea, that's the truth. That's what she could consider. If what went to the heart of the guilty plea was that he didn't like the sentence that was part of that deal, that's what she consulted him about. How about if he was forced or forced to enter the guilty plea? I'm sorry? How about if he was forced or forced to enter the guilty plea? Well, again, that would certainly be something that went to the plea. It would go to the plea. Right. The sentence. Right. I'll go ahead. How do you distinguish Mason, the 4th District case? I must tell you the truth. I don't recall reading Mason. I apologize. Okay. Mason said August decision of the 4th District, which applied to Tuzanon to fully negotiated plea. To the extent that they believe that under Tuzanon, even in a fully negotiated plea, there should be or being and, I would, let alone distinguishing it, I would simply have to disagree with it. Because, again, what we're looking at is under, going back to Wilk, we're looking at strict compliance with Rule 604D in order to have an issue reviewed in the trial court. And if that issue is declined by the trial court, we have a record created for review in the appellate court. The way this occurred in this case, it did, in fact, comply with Rule 604D's underlying principles, which is it gave the circuit court the chance to examine the defendant's claim, and it created a record for this court to examine. Now, defendant in this court chose not to, in fact, have that claim evaluated. But the record was made that that claim could have been evaluated. Let me ask you this. You say in your brief that attorneys shouldn't be forced to have consultations that are meaningless. And in this case, maybe it is meaningless because he's likely to get a longer sentence if he goes back to square one. If he were successful and was allowed to withdraw his plea. But why are consultations meaningless when the attorney is telling the defendant who really just wants to challenge his sentence? You can't challenge your sentence. Is that a meaningless consultation? No, it isn't. I mean, it is meaningful because it tells the defendant you're foreclosed. You can't raise that issue. I totally agree with that, and I totally understand that position. But in telling him that he's foreclosed, to the extent that we in 604D want to create a record for a future appeal, in telling him that he's foreclosed from challenging the sentence, she may also explain to him there may be some aspect that he can challenge. And so the fact that a discussion about his sentence, which he now doesn't like his deal, may be simply telling him that it's foreclosed doesn't mean there aren't going to be ways in which he can challenge his actual underlying plea. And, again, here the challenge to the underlying plea, for all we know, was based on his decision that one year was too much. But what counsel did was, in fact, craft an issue, I assume based on what he told her, that he felt he had not had enough time. I agree with counsel that there's nothing meaningless in a discussion which says you can't raise that. That's the truth. But I don't know that telling the defendant that he cannot raise that, in the context of Wilk and Shirley, is the consultation that the Supreme Court's interested in. Because, apparently, what the Supreme Court is interested in is developing a record. Now, again. So he's not precluded from arguing or challenging both, but he doesn't have to? I'm sorry? He's not precluded. If he entered a guilty plea, a fully negotiated guilty plea, is he precluded from challenging the sentence and the guilty plea or just the guilty plea? Okay, strictly speaking, and nobody agrees with me on this, but 604D is an appellate rule. If the defendant wanted to go in and file a motion that said my sentence is excessive and I'm unhappy with it, nothing could stop him from filing that motion. However, under 604D, he's precluded from appealing the denial of that motion. But nothing stops him from filing that motion. However, to the extent that 604D is designed to create a record for review in this court, then he has to raise something that, in fact, can be litigated, both in the circuit court and in this court. In a fully negotiated plea, he cannot challenge his sentence without challenging the core of the plea. Because the sentence in a fully negotiated plea is the core of the plea. That doesn't mean that there aren't things where the sentence and the plea being really intertwined aren't going to create an issue, but that issue is going to be limited to the plea. So in this case, you're saying the only issue is the sentence? No, in this case, I'm saying just the opposite. In this case, I'm saying that the defendant litigated an issue about the voluntariness of his plea, and that he believed that he had been pressured to accept the deal right on the day of trial. Correct, correct. So why is 2-0 not applicable to this particular case? Because I have no reason to believe that he wasn't happy with the sentence. He got one year, which was concurrent with any other sentence on an existing parole violation, for the same offense, which was domestic battery. Here he was charged with six counts of aggravated domestic battery and one count of unlawful restraint, and he pled guilty to the one count of unlawful restraint. So to all intents and purposes, he got a freebie, because it was going to be concurrent with the existing parole violation. Did he get a class 4 felony instead of a class 2? Aggravated domestic battery is a class 2? To tell you the truth, I can't remember. It was aggravated domestic battery, so that may well be a 2. But are we supposed to look at that? I mean, is that something that the appellate court should look at, or should we look at what he's required to do or what the courts require him to do under those circumstances? I think what the courts require him to do under the circumstances, based on Wilk and Shirley and Toussignan, is consult with the defendant on any contentions of error that he has and present, based on his contentions of error, the appropriate motion. In some cases, both motions will be appropriate, and it's not unusual to see both motions filed, litigated, and then both issues brought to appeal. I will say, clearly, this works in most circumstances, because the Supreme Court has said something like 95% of convictions are based on appeals. Certainly, the cases we get in our office, 95% of them are not guilty pleas. So obviously, in the vast majority of cases, this does work and works well. And it may well be, as you suggested, that the consultation with the defendant is, you can't get there from here, and there ends up being no appeal because the only thing he was unhappy about is his sentence, or the only thing he was happy about, counsel told him, I can't craft something like that, the facts don't support it. So clearly, the bulk of guilty pleas are not being appealed. I think that there may be some frustration in this situation, in that counsel filed what she, in fact, did. It reflected what she did, and it reflected what, in any fully negotiated guilty plea, she's going to be able to do. In the theory where we say that she tells her client, you cannot appeal this, and there's nothing else to appeal, we're never going to see the same, because we're not going to see a motion. In situations where you see a motion, then what you're going to see is a motion that is going to be based on counsel's consultation. Unlike the cap cases, there simply isn't going to be another issue that can be raised about a sentence independent of the plea. The two go hand in hand. So it's our position that this, in fact, is strict compliance. Ms. Burns, are there issues that can be raised regarding defects in sentencing that have nothing to do with whether or not the plea should or should not have been granted, things that are deemed void? Under Donaldson. Or like in Whitfield where someone is getting MSR and MSR was never discussed, obviously there apparently wasn't a demonishment, nor was there a meeting of the minds. I guess there's two answers to this, which is one yes, one no. In Donaldson, which the error was discovered ten years later, and the court determined that it's appropriate to recalibrate the sentence, if possible, to create a legal sentence which reflects the intent of the parties. In Whitfield, the determination was that they could not reform it in a manner to be consistent with the intent of the parties, and so they gave the defendant relief of three years less on his sentence because they could not get rid of the MSR. Both of these situations occurred significantly after the 30-day period, and I think we mentioned in our brief that clearly if somebody found such an error within the 30-day period, you would expect that person to come forward, and it wouldn't be a matter of a certification. It would be a matter of, you know, Your Honor, we're very sorry, but this was a fully negotiated plea, and it turns out it's illegal. Why couldn't he or she find out within 30 days that MSR was applicable and it was never discussed? So maybe the sentence should be done in the same way that they did in Whitfield, except in this instance it would be done by the trial court, and it would result in a reduction in the sentence by the length of time of the MSR. Now, the State, if they don't like that, can probably say, well, then I want a rescission or we want a rescission, and then we go to whether or not the court grants the relief of the State or grants the relief of the defendant. There is a rule relating to negotiated pleas that says that the defendant has to seek a vacation of his plea of guilty, and I have deliberated on the logic of the argument that one has to move to vacate a plea when they think there is some defect in the process that was involved either in the negotiation or the actual carrying out of the sentence. So I haven't quite figured out the logic of it, but I can say that it's a nice, reasonable rule that has some logic to it, but it doesn't resolve all problems. So when you make the argument that you do that relates to how it inherently would relate to the plea of guilty, it is a convenience in that the defendant may not wish to vacate his plea but has to move to vacate his plea in order to argue that there is a defect in his sentence. So when the argument you're making is based upon the state of the law, but the state of the law isn't necessarily as logical as you're attempting to make it appear. I think I would disagree, and I would disagree because of a point you made yourself, which is that assuming we find the defect within 30 days such that the court still has jurisdiction, evidence talks about the state also having a benefit of bargain, and evidence position is that the defendant doesn't get to change something without the state's agreement, that the state isn't going to be prejudiced, for lack of a better word, because of the error, and so there will have to be a renegotiation to correct it. I think after Whitfield, if the error was found within 30 days, the state would probably roll over on it or the state would be forced to roll over on it, but there are other types of errors, and again it comes up, we've had post-White, many sentences that turned out to be illegal. I know my time is up. Have you ever heard of G.I. Joe? G.I. Joe? The doll? The cartoon? The comic character. The cartoon. It was in serial TV shows. They had a public service announcement at the end of every show, I know, because I watched that program a lot with my children as they were growing up, and inevitably the cliché that was applied was knowing is half the battle, and applying that to the factual scenario here, how is the defendant, when you talk about the state may decide to do this or that, consulting with the defendant relative to those things which the state might do based upon what the defendant might do is essentially discussing and knowing what half the battle is, and the purpose of this rule is to give the defendant the information, the consultation, so he can figure out what the parameters are of his most blissful state, whether he wants to be in the penitentiary for the negotiated time or whether he wants to throw the dice. So your argument makes some sense, but it doesn't really relate to the fact that if you don't know what it is that you're up against and you don't know what the state might do in response, how is there a valid knowing discussion between client and attorney as to what position this defendant should take? But under your scenario, I think that you're talking about a situation where a structural error is found in the guilty plea, and absent counsel going to the state's attorney's office and saying, we have found a structural error and we want to know if you're going to be willing to renegotiate. Absent something like that, the counsel doesn't know either. I'm not suggesting just a structural plea. I'm suggesting there may be instances where the parties never really agreed on what it was that actually ended up happening because their agreement was based upon a false assumption or a mistaken law. Okay, but then again, to the extent that we're all bound by Evans, the answer to that really does have to be a withdrawal of plea because under Evans we're looking at contract principles. If under your scenario there was no meeting of the minds, then there is in fact no contract, and the remedy is a motion to withdraw the guilty plea. What about a situation where you have two co-defendants and for no reason one defendant is offered and accepts a 12-year sentence and then his co-defendant who is guilty of the exact same conduct takes a negotiated plea for six years and the guy who got 12 wants to raise that issue. He thinks he was treated unfairly. I think that we have a significant amount of law which says that we're not going to look at co-defendants in that fashion because they're frequently not similarly situated based on their priors, based on their participation. What if the only difference between the two of them is the first defendant is black, the guy that got 12, and the other person is white? I think that's a good post-conviction petition. Thank you so much for your time. I think the only thing to add to this discussion is that one of the bases for withdrawing a plea is that there's been a misapprehension of law or fact. That can be related to the discussions about the sentence, and there has to be knowledge. There has to be a discussion between the attorney and his client, his or her client, to determine whether or not there has been that misapprehension of fact or law. And that's what it comes down to. And they can't make that determination by filing a motion to withdraw the guilty plea or, in another case, a motion to withdraw or challenge a sentence. Well, there will be a motion to withdraw the plea in a fully negotiated situation like this. Right. But it can incorporate a sentence error that occurred during those conversations that led to the plea agreement. It's not a situation where you're just trying to get a sentence reduced because it's excessive. It's because there is a reason that's recognized for withdrawal of a motion that led to the defendant entering that guilty plea. And for counsel, for the state to stand up here and say that she has no reason to believe that my client was not happy with his sentence, well, I don't know either, and that's the point. That has to be a conversation that went on between his trial attorney and him, and then his attorney has to certify that she has consulted with him about that sentence and about the entry of the guilty plea. And counsel's comment about you can't get there from here in terms of filing a motion to withdraw the sentence versus a motion to withdraw the plea, then have counsel certify that they have consulted with the defendant and told the defendant, and ultimately in their mind it's going to come out that counsel has said you can't get there from here, you can't challenge your sentence on the reason that you would like to, Mr. Defendant. But the point is there has to be that certification. Rule 604D requires it. Tocino requires it. And there is no reason to depart from that holding. Thank you. Thank you. Thank you so much. Thank you, ladies, for your intelligent argument today. I think these types of issues are what keep us coming to work every day and making it fun. So thank you so much for your argument. The decision will be rendered in due course. We are adjourned. Thanks.